IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 61,047-02, WR-61,047-03 AND WR-61,047-04






EX PARTE RALPH DUNSON, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. FR 43793-A, FR 43934-B AND FR 43935-A


IN THE 27TH JUDICIAL DISTRICT COURT FROM BELL COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge
of burglary of a habitation, one charge of forgery, and one charge of theft, and was sentenced to
thirty years' imprisonment. 

 Applicant contends, inter alia, that he is being denied credit for time spent released on parole
or mandatory supervision prior to revocation. Applicant also alleges that he is being improperly
denied release to mandatory supervision. Applicant has alleged facts that, if true, might entitle him
to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavit should
state whether Applicant is serving a sentence for, or has previously been convicted of, an offense
which was listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's revocation, or at the
time of the commission of these offenses. The affidavit should also address how much time was
remaining on this sentence on the date that Applicant was released on parole or mandatory
supervision, and how much time Applicant spent on release before the issuance of the parole-revocation warrant. The affidavit should state whether or not Applicant is receiving credit for any
of the time spent on parole or mandatory supervision. Finally, the affidavit should indicate whether
or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the
date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall make findings as to whether Applicant is eligible for mandatory supervision, and if not,
why not. If Applicant is eligible for mandatory supervision, the trial court shall make findings as to
whether Applicant has reached his mandatory supervision date, and if so, why he has not been
released. The trial court shall then make findings as to whether Applicant is eligible to earn street
time credit, and if so, whether he is entitled to credit for his time spent on release. The trial court
shall also make findings as to whether Applicant is receiving the proper amount of time credit for
that time. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 18, 2009

Do not publish